**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4232

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR LOGAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:20-cr-00124-MOC-DSC-1)

Submitted:  October 20, 2023                Decided:  December 29, 2023

Before KING and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John G. Baker, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Logan, Jr., appeals the district court's judgment revoking his term of supervised release and imposing a 10-month term of imprisonment and 12 months of additional supervision. On appeal, Logan's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the adequacy of the court's sentencing explanation and the substantive reasonableness of Logan's sentence. Although notified of his right to do so, Logan has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* at 207 (footnotes omitted). And a court complies with substantive reasonableness requirements by "sufficiently stat[ing] a proper basis for its conclusion that

2

the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

We conclude that the district court's sentencing explanation, "though brief, was legally sufficient." *Rita v. United States*, 551 U.S. 338, 356 (2007). While the court did not expressly discuss the § 3553(a) factors, the court repeatedly emphasized the need for Logan—who violated his supervision by physically assaulting his ex-girlfriend—to participate in an anger management program, thereby demonstrating that the court had appropriately considered the pertinent factors. *See United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017). Moreover, the Government and Logan jointly requested the sentence the court imposed, meaning that there were no sentencing disputes for the court to address. Finally, we discern nothing in the record to rebut the presumption of substantive reasonableness accorded to Logan's within-policy-statement-range sentence. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Logan, in writing, of the right to petition the Supreme Court of the United States for further review. If Logan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Logan.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*